945 So.2d 604 (2006)
C.U., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-790.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*605 Carey Haughwout, Public Defender, and John Pauly, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, C.U., a child, was charged with and pled no contest to fleeing or eluding a law enforcement officer in violation of section 316.1935(1), Florida Statutes, a third degree felony. At the disposition hearing the court accepted the recommendation of the Department of Juvenile Justice and committed appellant to a level-six, moderate-risk facility, followed by post-commitment probation and conditional release lasting until appellant's "twenty-first birthday or statutory maximum." Appellant was seventeen years of age at the time of the hearing. Counsel for appellant objected to the court's retention of jurisdiction until the age of twenty-one. The court overruled the objection.
Appellant argues the trial court erred by retaining jurisdiction until he reaches the age of twenty-one, since he was committed to a moderate-risk facility and did not otherwise qualify for such retention. We agree and reverse and remand for resentencing.
In Florida the trial court has exclusive original jurisdiction over a child who is alleged to have committed a delinquent act or violation of law until the child reaches the age of nineteen:
(4)(a) Notwithstanding ss. 743.07, 985.229, 985.23, and 985.231, and except as provided in ss. 985.31 and 985.313, when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
§ 985.201(4)(a), Fla. Stat. An exception occurs when the court enters a disposition in which it commits the child to the Department of Juvenile Justice for a term that extends past the child's nineteenth birthday. § 985.231(1)(a)3, Fla. Stat. For example, in S.L.K. v. State, 776 So.2d 1062 (Fla. 4th DCA 2001), the trial court ordered the child placed in a level-eight program no longer than the maximum sentence allowable by law or the child's twenty-first birthday and retained jurisdiction over the child until the age of twenty-one. Id. at 1063. In reviewing the order, we found it to be in violation of section 985.231(1)(a)3, Florida Statutes, because even if S.L.K. is discharged by the Department prior to his twenty-first birthday, the trial court's disposition *606 order extended jurisdiction until the age of twenty-one. Id. at 1065. Without providing that the court would relinquish jurisdiction at discharge or the age of twenty-one, the disposition order was unlawful. We explained:
[U]nder section 985.231, the circuit court has jurisdiction over an adjudicated delinquent and it may commit the juvenile to the Department until the child is discharged by the Department or until he or she reaches the age of twenty-one. Thus, section 985.231 permits the circuit court to retain jurisdiction in the event that the juvenile's commitment extends until his or her twenty first birthday. However, section 985.231(1)(a)3 does not permit the court to continue to retain jurisdiction if the juvenile is discharged from his or her commitment prior to age twenty-one. Under such circumstances, the court's authority to retain jurisdiction is limited to the child's nineteenth birthday pursuant to section 985.201(4)(a), Florida Statutes (1999).
776 So.2d at 1065.
In this case, as in S.L.K., the court's jurisdiction over C.U. extended to his twenty-first birthday without the possibility of discharge prior thereto. The written Disposition Order provided in pertinent part the following:
&check; The child is adjudicated delinquent and
&check; Committed to a licensed child-caring agency/the Department of Juvenile Justice for placement in a Moderate risk residential program, for an indeterminate period, but no longer than the child's ____ 19th/ &check; 21st birthday or the maximum term of imprisonment which is 5 yrs, the same time an adult may serve for each count listed above, whichever comes first.
Such an order expressly attempts to confer jurisdiction to the court until C.U., the child, attains the age of twenty-one, regardless of whether the child is discharged by the Department prior to such time.
Reversed and Remanded for Resentencing.
STONE and HAZOURI, JJ., concur.